IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FRANCISCO RODARTE,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN SCHUMMING, et al.,<br><br>Defendants. | CV 16-00055-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Francisco Rodarte filed a Complaint alleging his constitutional rights under the First and Fourteenth Amendments have been violated including his right to meaningful access to the courts, equal protection, due process, and double jeopardy. The Complaint merely repeats claims raised repeatedly by Mr. Rodarte in previous litigations. His allegations fail to state a claim upon which relief may be granted and this matter should be dismissed. Mr. Rodarte's motion for status report (Doc. 6) will be denied as moot.

**I. STATEMENT OF CASE**

    **A. Parties**

Mr. Rodarte is a prisoner incarcerated at Montana State Prison. The named Defendants are Susan Schumming, Leroy Kirkegard, Candice Neubauer, Steve Kremer, Trevor Cardin, Joe Turner, Roxanne Wiggert, Kristy Cobban, Leonard

1

Mihilich, Denise Deyott, and mailroom staff. (Doc. 2 at 5-6.)

### B. Factual Background

Mr. Rodarte was convicted on April 19, 2001, in Montana's Eighth Judicial District Court, Cascade County, of four counts of incest against his eight-year-old daughter. He was sentenced to four consecutive terms of 20 years each. The Montana Supreme Court affirmed his conviction on December 19, 2002.

Mr. Rodarte filed a federal habeas petition on February 17, 2014, which was denied on January 6, 2015. *Rodarte v. Kirkegard*, Civil Action No. 14-cv-09-GF-DLC.

### C. Allegations

Mr. Rodarte alleges Defendants conspired to change his criminal sentence from four consecutive sentences to one concurrent sentence denying him the opportunity to appear before the parole board on each of his sentences. (Complaint, Doc. 2 at 7.)

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915

### A. Standard

As Mr. Rodarte is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. §§ 1915, 1915A. These statutes require the Court to review a complaint filed in forma pauperis and dismiss it or portions there

of before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* It must " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

    **B. Analysis**

        **1. Res Judicata**

"The doctrine of res judicata provides that a final judgment on the merits

3

bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks omitted). Although this doctrine is normally raised as an affirmative defense, where its application is plain from the face of the complaint, the court may raise it sua sponte:

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation marks omitted); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) ("[a]s a general matter, a court may, sua sponte, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed").

Mr. Rodarte raised the same issue he raises here in his federal habeas petition. In his federal petition, Mr. Rodarte alleged the Department of Corrections treated his four consecutive twenty-year sentences as if they were one eighty-year sentence. He complained that this meant he would not receive a parole hearing until he has served one-fourth of eighty years, rather than one-fourth of each

twenty-year term. *Rodarte v. Kirkegard*, Civil Action No. 14-cv-09-GF-DLC, Supp. to Mot. to Am., Doc. 6-1 at 1-2. Judge Christensen made the following determination regarding Mr. Rodarte's claims in his habeas petition:

> Rodarte states that because the sentences are consecutive he should be eligible for parole from the first 20 year sentence to the second 20 year sentence and so on. Under Montana law a prisoner may not be paroled until he has served at least one-fourth of his full term. Mont. Code Ann. § 46-23-201(3). In this case, Rodarte's sentence set a full term of imprisonment of 80 years. Rodarte cannot be eligible for parole from a 20 year term, thereby potentially receiving concurrent credit for time spent on parole while incarcerated for another sentence meant to run consecutively. Mont. Code Ann. § 46-18401(4). The Court finds that Rodarte's claim regarding the manner in which his sentence is being executed lacks merit.

*Rodarte v. Kirkegard*, Civil Action No. 14-cv-09-GF-DLC, Doc. 13, January 6, 2015 Order at 5.

Mr. Rodarte claims in this case that Defendants changed his four consecutive sentences to four concurrent sentences. As determined in Mr. Rodarte's habeas case, Defendants have correctly treated Mr. Rodarte's four sentences consecutively in that he must finish serving each 20 year sentence before he starts serving the next 20 year sentence. Mr. Rodarte's four consecutive sentences means he was sentenced to 80 years.

In addition, this issue was decided by the state court in 2012. Mr. Rodarte attached to his Complaint a January 29, 2016 Order denying Mr. Rodarte's state

petition for writ of habeas corpus. That Order provides that:

> On April 19, 2001, Judge Neill sentenced Mr. Rodarte to four (4) consecutive 20-year sentences, one for each of Mr. Rodarte's convictions on four counts of incest. *State v. Rodarte*, 8th Jud. Dist. Cause No. CDC-00-046. On August 23, 2012, the Clerk filed Mr. Rodarte's Petition to Correct the Sentences of Consecutive Sentences and Order. In that document Mr. Rodarte complained that Montana State Prison staff were "br[e]aking the Law" by merging his four consecutive sentences together. In his August 30, 2012 Order denying that Petition, Judge Neill aptly and succinctly explained that the 2001 sentence "is what it is."

(Order on Petition for Writ of Habeas Corpus, Doc. 2-3 at 6.)

The issue raised in this case has been repeatedly decided against Mr. Rodarte and this Court need not reexamine here. Mr. Rodarte's claims regarding the execution of his sentence are barred by res judicata.

## 2. Denial of Access to the Courts

Mr. Rodarte also brings a claim for denial of access to the courts arguing that Denise Deyott and the mailroom staff lost or stole legal paperwork that he sent with his state court habeas petition in January 2016. (Doc. 2 at 8; 2-1 at 2.) To establish a violation of the right to access to the courts prisoners must allege facts sufficient to show that (1) a nonfrivolous legal attack on their conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) they has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353–55 (1996).

Mr. Rodarte cannot establish a nonfrivolous legal attack on his criminal sentence. The issue raised in his 2016 state court habeas petition is the same issue decided adversely to Mr. Rodarte in this case. In addition, although the state court found that Mr. Rodarte's petition was defective because it did not attach information supporting his claims about the alleged impact on his parole eligibility, it was also denied because it did not attack the validity of his sentence and therefore did not state a claim within the meaning of Mont. Code Ann. § 46-21-201(1)(a). (Doc. 2-3 at 6.)

Mr. Rodarte has not sufficiently stated a denial of access to the courts claim.

### III. CONCLUSION

28 U.S.C. §§ 1915, 1915A requires the dismissal of a complaint which fails to state a claim upon which relief may be granted, but it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez,* 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing

*Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

As set forth above, Mr. Rodarte's claims are barred by res judicata and he has failed to state a claim upon which relief may be granted. These defects could not possibly be cured by the allegation of other facts and therefore the Complaint should be dismissed.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the Complaint fails to state a claim upon which relief may be granted and it is frivolous. In addition, the Court finds that the Complaint was maliciously filed because it simply repeats previous litigation. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.' " (citation omitted).)

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Rodarte's Motion for Status Report (Doc. 6) is DENIED AS MOOT.

Further, the Court issues the following:

8

**RECOMMENDATIONS**

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) for failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Rodarte may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of February 2017.

                                        */s/ John Johnston*
                                        John Johnston
                                        United States Magistrate Judge