

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FRANCISCO RODARTE,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN SCHUMMING, et al.,<br><br>Defendants. | CV 16–55–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations in this matter on February 14, 2017, recommending dismissal of Plaintiff Francisco Rodarte's ("Rodarte") Complaint. On February 27, 2017, Rodarte moved for a 30 day extension to file his objections to the Findings and Recommendations and the Court granted his request. (Doc. 9.) On May 11, 2017, Rodarte again moved for a 30 day extension of time to file his objections arguing that his access to the prison library has been inadequate. (Doc. 12.)

As a matter of practice, the Court often allows pro se litigants additional time to file objections to Findings and Recommendations. However, the Court will deny Rodarte's motion because it is clear that the claims raised in his

Complaint are either barred under the doctrine of res judicata or fail to state a claim upon which relief may be granted.[1] First, as discussed by Judge Johnston, Rodarte's Complaint alleges that Defendants conspired to modify his criminal sentence from four consecutive sentences to one concurrent sentence, which he argues denied him the opportunity to appear before the parole board on each of his sentences. This claim has previously been raised by Rodarte in this Court and, consequently, is now barred by the doctrine of res judicata. *See Rodarte v. Kirkegard*, Civil Action No. CV 14–09–GF–DLC (D. Mont. Jan. 6, 2015).

Second, Rodarte also claims that he was denied access to the courts because Defendant Denise Deyott and the mail room staff allegedly lost or stole the legal paperwork he sent to provide support for his state habeas petition. Nevertheless, the Court agrees with Judge Johnston that this claim cannot establish a nonfrivolous legal attack on his criminal sentence because the state court found that his habeas petition should be denied because it did not attack the validity of his sentence and, thus, failed state a claim within the meaning of Montana Code Annotated § 46–21–201(1)(a).

---

[1] This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Accordingly, there being no clear error in Judge Johnston's Findings and Recommendation, IT IS ORDERED that:

(1) Plaintiff's Motion for Extension of Time to File Objection (Doc. 12) is DENIED.

(2) Judge Johnston's Findings and Recommendation (Doc. 7) are ADOPTED IN FULL.

(3) This matter is DISMISSED with prejudice. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(4) The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) for failure to state a claim.

(5) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

Dated this 15th day of May, 2017.

Dana L. Christensen, Chief Judge
United States District Court